Mr. Justice Clayton
delivered the opinion of the court.
This was a bill filed by Catharine Jones, administratrix of Edward W. Jones, deceased, to enjoin the collection, of a judgment. The judgment was obtained by Bond against Yernon Hicks, as the surety of Jones, the intestate. Upon the trial at law, it was shown, that the contract was usurious in its character, and the judgment was rendered for the principal sum alone, being $3199 99. The bill alleges that afterwards, in order to procure'indulgence to Hicks, upon the judgment, the complainant agreed to pay, and did actually pay, to the defendant, Bond, upwards of $1500, in consideration of which, he agreed to stay the execution as to one half the amount, for about one year, and as to the other half, about two years. It farther charges, that Bond, after receiving this amount of money for the indulgence to be granted, in violation of the agreement, issued the execution, before the expiration of the stipulated time, and was proceeding to enforce it against the estate of Hicks, who was then dead. Prays that he be enjoined from farther proceeding, and that the amount so paid, by com *376 plainant for the indulgence, might be credited upon the execution.
There were various other matters alleged in the bill, and several other defendants made; but it was demurred to, and the demurrer sustained, and the bill dismissed, except as to Bond. There is also a credit of $1000 claimed, over and above the amount paid for indulgence.
The answer admits the judgment, and that it was rendered for the principal sum only, and admits the payment by complainant of the sum of $1495, but denies that it was paid for indulgence to be granted upon the execution. Alleges that the note was originally, in truth and in fact, given for money loaned, or what was regarded as such by the parties, and that by the contract interest, at the rate of ten per cent., was to be paid, the then legal rate of interest for money loaned. States that complainant, after the rendition of the judgment, for the principal sum only, of her own accord, wrote to respondent, that the defence of usury was made, without her knowledge or consent, and that she was determined to pay according to the contract of her husband. That in pursuance of this voluntary determination of her own, they had called on a neighbor, who, in the presence of Hicks and the complainant, had computed the amount of interest, which, when thus computed, was the sum paid by complainant. That as matter of favor and gratuity, then, at the request of complainant herself, the respondent agreed to stay the execution for the period stated, and an in-dorsement for the stay was entered upon the execution. That afterwards, and after the death of Hicks, the complainant had herself informed him, that the estate of Hicks would be insolvent, and urged him to issue the execution, and make the money, without regard to the stay. That in pursuance of this request; he erased the order as to the stay of the execution, and caused another to be issued. He therefore resisted the entering of any credit upon the execution, for the amount so paid by the complainant. The court below directed the payment to be applied as a credit, as well as the sum of $1000 claimed' as a credit in the bill, but which the answer averred had been given. From this decree Bond appealed.
*377 The testimony in the cause establishes the correctness of the facts, as detailed in the answer, in regard to the payment of the larger sum. The question therefore is, whether, taking them as true, the decree of the chancery court is right.
Money paid upon an usurious contract may be recovered back at law; so in equity, where there are circumstances to give the court jurisdiction. Comyn on Usury, 3 Law Lib. 80; 3 Hum. 666. The judgment at law in this case, fixed the character of this transaction, and stamped it with usury. The payment, therefore, was not valid in law. It was, on the part of the complainant, a misapplication of the assets of her decedent, and subjected her to the imputation of waste. Although not made by coercion, it was a payment without consideration, and against the law.
The principle of the decree below, that the respondent should give credit upon the judgment for this payment, is correct. The direction in regard to the mode of stating the interest in taking the account, is incorrect. Our statute points out the mode of computing interest, when partial payments are made. How. & Hutch. 614, 615. It directs the payment to be first applied to the discharge of the interest due, and the balance to the principal. This too is the mode previously established in equity. For this reason the decree must be reversed, and one entered in pursuance of this direction. The commissioner will ascertain the amounts paid, and the time of payment, and enter the credit at its date. He will also ascertain whether the sum of f 1000, admitted by the answer to have' been paid, has been credited already; if not he will give credit for it. In other respects the decree is correct, and the cause will be remanded for further proceedings.
It is insisted in argument, that the bill should be dismissed, because it is multifarious. If the demurrer stood alone, and, if it had been drawn with that view, it might have had that 'effect. See Boyd v. Hoyt, 5 Paige, 65. But in this case the answer is very full as to the point of usury, and the payment alleged in the bill, and the demurrer of Bond, is in its terms confined to “the other particulars,” in the bill contained. The *378 rule is, in reference to this matter, that if the answer go farther, than merely to deny the combination, which is usually charged in the bill, it will overrule the demurrer. Mitford’s PI. 241.
Decree reversed, and the cause remanded.